KRISTEN CLARKE, Assistant Attorney General
SAMEENA SHINA MAJEED, Chief
MICHAEL S. MAURER, Deputy Chief
MAX LAPERTOSA, Trial Attorney
NATHAN SHULOCK, Trial Attorney
United States Department of Justice, Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W. – 4 CON
Washington, DC 20530
Tel.: (202) 598-3254; Fax: (202) 514-1116
Nathan.Berla-Shulock@usdoj.gov

CLARE E. CONNORS, United States Attorney (#7936)
SYDNEY SPECTOR, Assistant United States Attorney
HARRY YEE, Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Tel.: (808) 541-2850; Fax: (808) 541-3752
Sydney.Spector@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 19-00531 LEK-RT |
| Plaintiff, | |
| vs. | SECOND AMENDED COMPLAINT |
| | JURY TRIAL DEMANDED |
| ALBERT C. KOBAYASHI, INC., MARTIN V. COOPER, DESIGN PARTNERS, INC., MICHAEL N. GOSHI, FRITZ JOHNSON, INC., FREDERICK M. JOHNSON, STANFORD CARR DEVELOPMENT, LLC, SCD | |

WAILEA FAIRWAYS, LLC, SATO
& ASSOCIATES, INC., RONALD M.
FUKUMOTO ENGINEERING, INC.,
ROJAC CONSTRUCTION INC.,
DELTA CONSTRUCTION CORP.,
WARREN S. UNEMORI
ENGINEERING, INC., GYA
ARCHITECTS, INC., AND
GOODFELLOW BROS. LLC,

             Defendants,

and

NAPILIHAU VILLAGES
ASSOCIATION OF APARTMENT
OWNERS, NAPILI VILLAS HOA,
INC., AOAO WAILEA FAIRWAY
VILLAS, KAHULUI TOWN
TERRACE LP, AND PALEHUA
APARTMENTS LP,

             Rule 19 Defendants.

The United States of America alleges as follows:

## **NATURE OF THE ACTION**

1.      The United States brings this action to enforce the Fair Housing Act, as amended ("FHA"), 42 U.S.C. §§ 3601-3619, and the FHA's implementing regulations, 24 C.F.R. §§ 100.202 and 100.205.  As set forth below, the United States alleges that the Defendants – the designers, builders, and developers of multifamily condominium and apartment complexes in Hawaii – have

discriminated against persons with disabilities by failing to design and construct

covered multifamily dwellings that are accessible to persons with disabilities.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331

and 1345, and 42 U.S.C § 3614(a).

3.      Venue is proper in this District under 28 U.S.C. § 1391 because the

events or omissions giving rise to the claims alleged in this action occurred in this

District, the subject properties are located in this District, and the Defendants did

and do business in this District.

## SUBJECT PROPERTIES

4.      The Defendants have participated in the design, construction, or

design and construction of one or more of the properties identified in the

paragraphs below (collectively "the Subject Properties").

5.      Napilihau Villages ("Napilihau") is a multifamily condominium

complex located at 4955 Hanawai Street in Lahaina, Hawaii.  Napilihau consists of

nine two-story buildings, without elevators.  Eight buildings have eight units and

one building has 12 units.  Napilihau has 38 ground-floor units.  Napilhau has

public and common use areas, including a barbeque area, mailboxes, trash

facilities, and parking lots.

3

6.    Napili Villas Phase I, Phase II, and Phase III ("Napili"), which is adjacent to Napilihau, is a multifamily condominium complex located on Polohina Lane, Punohu Lane, and Ki Ohu Ohu Lane in Lahaina, Hawaii.  Napili consists of 26 two-story buildings without elevators.  Napili has 80 ground-floor units.  Napili has public and common use areas, including mailboxes, trash facilities, and parking lots.

7.    Palehua Terrace Phase I ("Palehua Terrace") is a multifamily apartment complex located at 118 Palahia Street in Kapolei, Hawaii.  Palehua Terrace consists of seven two-story buildings without elevators.  The buildings are situated one story below grade level, with the second story connected to the complex's sidewalks, parking lots, and road by pedestrian bridges.  There are 42 ground-floor units.  Palehua Terrace has public and common use areas, including mailboxes, trash facilities, a picnic area, a management office, and parking lots.

8.    Kahului Town Terrace ("Kahului") is a multifamily apartment complex located at 170 Ho'ohana Street in Kahului, Hawaii.  Kahului has four buildings with multiple floors and no elevators.  In three buildings, on the first floor is a parking garage, and above the garage there are two floors of units.  Kahului has 36 ground-floor units.  Kahului has public and common use areas, including mailboxes, trash facilities, a playground, a management office, and parking lots.

4

9.    Wailea Fairway Villas ("Wailea Fairway") is a multifamily condominium complex located at 3950 Kalai Waa Street in Kihei, Hawaii. Wailea Fairway has 24 two-story buildings without elevators and has 46 ground-floor units. Wailea Fairway has public and common use areas, including a clubhouse/recreation center, a pool, mailboxes, trash facilities, a car wash station, and parking lots.

## DEFENDANTS

10.    Defendant Albert C. Kobayashi, Inc. ("Kobayashi") is a for-profit corporation in Hawaii whose principal place of business is 94-535 Ukee Street, Waipahu, Hawaii. Kobayashi was the general contractor and participated in the design and/or construction of all the Subject Properties.

11.    Defendant Martin V. Cooper is an individual and architect who upon information and belief resides in Wailuku, Hawaii. He, directly or indirectly, participated in the design and/or construction of Napilihau. Mr. Cooper was the registered agent for Interisland Design Group, Inc., a corporation that dissolved in 2010, which participated in the design and/or construction of Napilihau.

12.    Defendant Design Partners, Inc. is a for-profit corporation in Hawaii whose principal place of business is 1580 Makaloa Street, Suite 1100, Honolulu, Hawaii. Design Partners, Inc. is an architecture firm that participated in the design and/or construction of Napili and Wailea Fairway.

13.    Defendant Michael N. Goshi is an individual and architect residing in Hawaii.  He, directly or indirectly, participated in the design and/or construction of Napili and Wailea Fairway.  Mr. Goshi is the Senior Principal, Vice President, and registered agent of Design Partners, Inc.

14.    Defendant Fritz Johnson, Inc. is a for-profit corporation in Hawaii whose principal place of business is 31 N. King Street, Honolulu, Hawaii.  Fritz Johnson, Inc. is an architecture firm that participated in the design and/or construction of Palehua Terrace.

15.    Defendant Frederick M. Johnson is an individual and architect residing in Hawaii.  He, directly or indirectly, participated in the design and/or construction of Palehua Terrace.  Upon information and belief, Mr. Johnson is the owner and President of Fritz Johnson, Inc.

16.    Defendant Stanford Carr Development, LLC (formerly SCD International, LLC) is a for-profit company in Hawaii whose principal place of business is 1100 Alakea Street, 27th Floor, Honolulu, Hawaii.  Stanford Carr Development, LLC is a real estate developer that participated in the design and/or construction of Wailea Fairway.

17.    Defendant SCD Wailea Fairways, LLC is a terminated for-profit company in Hawaii whose principal place of business was 1100 Alakea Street, 27th Floor, Honolulu, Hawaii.  SCD Wailea Fairways, LLC was a real estate

developer that participated in the design and/or construction of Wailea Fairway and whose sole member/manager was Defendant Stanford Carr Development, LLC. SCD Wailea Fairways, LLC did not publish notice of its intent to terminate.

18.     Defendant Sato & Associates, Inc. is a for-profit corporation in Hawaii whose principal place of business is 2046 South King Street, Honolulu, Hawaii.  Sato & Associates, Inc. is a civil engineering firm that participated in the design and/or construction of Wailea Fairway.

19.     Defendant Ronald M. Fukumoto Engineering, Inc. is a for-profit corporation in Hawaii whose principal place of business is 1721 Wili Pa Loop, Suite 203, Wailuku, Hawaii.  Ronald M. Fukumoto Engineering, Inc. is a civil engineering firm that participated in the design and/or construction of Napili.

20.     Defendant Rojac Construction Inc. is a for-profit corporation in Hawaii whose principal place of business is 150 Pakana Street, Wailuku, Hawaii. Rojac Construction Inc. is a construction firm that participated in the design and/or construction of Napili.

21.     Defendant Delta Construction Corp. is a for-profit corporation in Hawaii whose principal place of business is 1458 Laamia Street, Honolulu, Hawaii.  Delta Construction Corp. is a construction firm that participated in the design and/or construction of Palehua Terrace.

22.     Defendant Warren S. Unemori Engineering, Inc. is a for-profit corporation in Hawaii whose principal place of business is 2145 Wells Street, Suite 403, Wailuku, Hawaii.  Warren S. Unemori Engineering, Inc. is a civil engineering firm that participated in the design and/or construction of Napilihau.

23.     Defendant GYA Architects, Inc. (formerly Gima, Yoshimori & Associates, A.I.A., Inc.) is a for-profit corporation in Hawaii whose principal place of business is 220 Imi Kala Street, Suite 201, Wailuku, Hawaii.  GYA Architects, Inc. is an architecture firm that participated in the design and/or construction of Kahului.

24.     Defendant Goodfellow Bros. LLC (formerly Goodfellow Bros. Construction, LLC and Goodfellow Bros., Inc.) is a Washington for-profit corporation and a foreign for-profit corporation in Hawaii.  Although headquartered in Washington State, Goodfellow Bros. LLC maintains an office in and does business within the District of Hawaii.  Goodfellow Bros. LLC is a construction firm that participated in the design and/or construction of Napilihau and Wailea Fairway.

## RULE 19 DEFENDANTS

25.     Defendant Napilihau Villages Association of Apartment Owners is a non-profit corporation whose principal place of business is Lahaina, Hawaii. Napilihau Villages Association of Apartment Owners is a homeowners'

association that maintains an ownership and management interest in Napilihau.  It is a necessary party to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

26.    Defendant Napili Villas HOA, Inc. is a non-profit corporation whose principal place of business is Lahaina, Hawaii.  Napili Villas HOA, Inc. is a homeowners' association that maintains an ownership and management interest in Napili.  It is a necessary party to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

27.    Defendant AOAO Wailea Fairway Villas is non-profit corporation whose principal place of business is Wailea, Hawaii.  AOAO Wailea Fairway Villas is a homeowners' association that maintains an ownership and management interest in Wailea Fairway.  It is a necessary party to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

28.    Defendant Kahului Town Terrace LP is a limited partnership whose principal place of business is Honolulu, Hawaii.  It owns Kahului, and in that capacity is a necessary party to this lawsuit under Fed. R. Civ. P. 19 in whose absence complete relief cannot be afforded to the United States.

29.    Defendant Palehua Apartments LP is a limited partnership, whose principal place of business is Honolulu, Hawaii.  It owns Palehua Terrace, and in

that capacity is a necessary party to this lawsuit under Fed. R. Civ. P. 19 in whose

absence complete relief cannot be afforded to the United States.

## FACTUAL ALLEGATIONS

30.    The Subject Properties, described above, were designed and

constructed for first occupancy after March 13, 1991.

31.    The Subject Properties, are "dwellings" and contain "dwellings"

within the meaning of 42 U.S.C. § 3602(b).

32.    All the ground-floor units in the Subject Properties described above

are "covered multifamily dwellings" ("covered units") within the meaning of and

subject to the accessibility requirements of 42 U.S.C. § 3604(f).

33.    The United States obtained architectural drawings and building plans

related to the Subject Properties and surveyed a sample of the covered units and

the routes from the units to the public and common areas of the properties.  These

materials show external inaccessible features, including, but not limited to,

inaccessible routes to public and common use areas and steps leading to entrance

doors.  These materials also show internal inaccessible features at covered units,

including, but not limited to, doors with non-compliant openings and bathrooms

and kitchens with insufficient clear floor space to allow a wheelchair to maneuver.

34.    The following is an illustrative but not exhaustive list of inaccessible features created and caused by the Defendants in designing and constructing the Subject Properties.

**Napilihau**

35.    The inaccessible features at Napilihau include, but are not limited to:

    a.  a lack of accessible routes to common use areas, such as the mailboxes, barbeque grills, and trash facilities, because there are missing sidewalks and curb ramps;

    b.   a lack of accessible routes from multiple buildings to accessible parking spaces because there are missing sidewalks and curb ramps, and the curb ramps at the access aisle of accessible parking spaces have cross slopes that are too steep (exceed a 2% grade) for a person in a wheelchair;

    c.  no sidewalk from the property to the public street;

    d.  a lack of accessible routes throughout the property because there are missing sidewalks and curb ramps;

    e.  barriers to accessible routes to the buildings' entrances, including multiple steps, missing curb ramps, and severe running slopes and cross slopes that are too steep for a person in a wheelchair.  For

example, some routes have slopes that are greater than a 5% grade and lack handrails;

f.  barriers at entrance doors, such as abrupt level changes, thresholds without bevels, and knob handles, which are difficult to grasp, twist, and open, rather than lever handles;

g.  internal doors that are too narrow for a person in a wheelchair, including doors with clear openings of less than 32 inches;

h.  barriers at sliding patio doors, such as abrupt level changes and thresholds without bevels;

i.  insufficient clear floor space in the kitchens to allow for a person in a wheelchair to maneuver or turn.  For example, some kitchens lack 60 inches in clear turning space for a wheelchair and insufficient clear floor space centered in front of refrigerators; and

j.  insufficient clear floor space outside and inside bathrooms for a person in a wheelchair to maneuver or turn.  For example, there is insufficient room outside the wings of doors and insufficient clear floor space in front of and centered on the toilets, sink and lavatories.

**Napili**

36.    The inaccessible features at Napili include, but are not limited to:

a. a lack of accessible routes to common use areas, such as the mailboxes and trash facilities, because there are missing sidewalks and curb ramps, existing curb ramps have significant cross slopes that are difficult for a person in a wheelchair, and there is no level space in front of the mailboxes;

b. no accessible route to the public street because there are missing sidewalks and curb ramps;

c. a lack of accessible routes throughout the property because there are missing sidewalks and curb ramps;

d. a lack of accessible routes from multiple buildings to accessible parking spaces because there are missing sidewalks and curb ramps;

e. an insufficient number of accessible parking spaces (less than 2% of the total parking spaces);

f. barriers to accessible routes to the buildings' entrances, such as one or multiple steps, missing curb ramps, and running slopes that are too steep (exceed a 5% grade without handrails) for a person in a wheelchair;

g. barriers to entrance doors, such as knob handles, which are difficult to grasp, twist and open, rather than lever handles;

h. internal doors that are too narrow for a person in a wheelchair, including doors with clear openings of less than 32 inches;

i. insufficient clear floor space in the kitchens for a person in a wheelchair to maneuver or turn. For example, some kitchens lack 60 inches of clear turning space, lack 40 inches of clear floor space between refrigerators and the opposing walls, and have insufficient clear floor space centered in front of the sinks; and

j. insufficient clear floor space outside and inside in the bathrooms for a person in a wheelchair to maneuver or turn. For example, toilets and sinks/lavatories are not centered, routes to bathtubs are too narrow (less than 36 inches wide), and there is insufficient clear floor space outside the swing of the doors.

**Palehua Terrace**

37. The inaccessible features at Palehua Terrace include, but are not limited to:

a. a lack of accessible routes to common use areas, such as the picnic area, because there are missing sidewalks and curb ramps;

b. a lack of accessible routes to common use areas, such as the mailboxes near building F, because there are missing sidewalks and curb ramps, the sidewalk is too narrow (less than 36 inches wide), and

14

the mailboxes are too high (above 54 inches) for a person in a wheelchair;

c.  a lack of accessible routes to common use areas, such as the mailboxes near building C, because the sidewalk is too narrow (less than 36 inches wide) and the mailboxes are too high (above 54 inches) for a person in a wheelchair;

d.  no accessible parking spaces adjacent to the trash facilities and mailboxes;

e.  no accessible route to the public street because there are missing sidewalks and curb ramps;

f.  a lack of accessible routes to common use areas, such as the management office, because there are missing sidewalks and curb ramps;

g.  a lack of accessible routes throughout the property because there are missing curb ramps, and existing curb ramps with significant cross slopes that are difficult for a person in a wheelchair;

h.  insufficient resident accessible parking (less than 2% of the covered units);

i.  barriers to accessible routes to the buildings' entrances, such as a pedestrian bridge (or elevated walkway) with a running slope that is

too steep (over 5% grade without handrails) for a person in a

wheelchair and another pedestrian bridge with multiple steps;

j.  barriers to entrance doors, such as thresholds that are 1 inch or more

and knob handles, which are difficult to grasp, twist and open, rather

than lever handles;

k.  insufficient clear floor space in the kitchens for a person in a

wheelchair to maneuver or turn.  For example, some kitchens lack 60

inches in clear turning space for a wheelchair, sinks are not centered,

and there is insufficient space to use outlets near the range, sink or

refrigerator; and

l.  insufficient clear floor space outside and inside in the bathrooms for a

person in a wheelchair to maneuver or turn.  For example, toilets and

sinks/lavatories are not centered, and there is insufficient clear floor

space outside the swing of the doors.

**Kahului**

38.    The inaccessible features at Kahului include, but are not limited to:

a.  no accessible route to public and common use areas, such as the

management office, trash facilities, and playground because there are

missing curb ramps and sidewalks;

16

b. barriers at common use areas, such as the management office's entrance because there is an abrupt level change and the door has a knob handle, which is difficult to grasp, twist, and open, rather than a lever handle;

c. no accessible routes to the unit entrances at three buildings because the units are above a flight of stairs and the buildings have no elevators;

d. barriers at entrance doors, such as steep slopes of the floor space at the doors (above 2% grade), abrupt level changes, and thresholds that are too high or without bevels;

e. interior doors that are too narrow for a person in a wheelchair, including doors with clear openings of less than 32 inches;

f. light switches that are too high (above 48 inches) for person in a wheelchair;

g. insufficient clear floor space in the kitchens for a person in a wheelchair to maneuver or turn.  For example, some kitchens lack clear floor space between the refrigerator, range and opposing cabinets, and have insufficient clear floor space centered on ranges; and

h.  insufficient clear floor space outside and inside the bathrooms for a person in a wheelchair to maneuver or turn.  For example, some bathrooms have insufficient clear floor space outside the swing of the doors and insufficient clear floor space centered on the sinks/lavatories.

## Wailea Fairway

39.  The inaccessible features at Wailea Fairway include, but are not limited to:

a.  a lack of accessible routes from multiple buildings to common use areas, such as the pool and clubhouse, because there are missing sidewalks and the slopes are too steep (exceeding a 5% grade without handrails) for a person in a wheelchair;

b.  barriers at common use areas, such as the clubhouse, because the thresholds for the doors are too high and do not have bevels, the kitchen sink does not have clearance for a forward approach, the lavatories' pipes are not insulated, the showers' heads are too high and do not have hoses, and the thermostat is too high for a person in a wheelchair;

c.  barriers at common use areas, such as the mailboxes, because the mailboxes are too high (above 54 inches) for a person in a wheelchair;

18

d.  no accessible route to the public street because there are missing sidewalks and curb ramps;

e.  a lack of accessible routes throughout the property because there are missing sidewalks and curb ramps, and existing curb ramps have severe slopes (above 8.33% grade) that are difficult for a person in a wheelchair;

f.  barriers to accessible routes to multiple buildings' entrances, such as slopes that are too steep for a person in a wheelchair (above 5% grade without handrails and above 10% grade) and multiple steps;

g.  barriers to entrance doors, such as abrupt level changes and knob handles, which are difficult to grasp, twist, and open, rather than lever handles;

h.  interior doors that are too narrow for a person in a wheelchair, including doors with clear openings of less than 32 inches;

i.  insufficient clear space in the kitchens for a person in a wheelchair to maneuver or turn.  For example, in some kitchens there is insufficient clear floor space between the refrigerators and opposing walls, and insufficient clear floor space centered on the sinks; and

j.  insufficient clear floor space outside and inside the bathrooms for a person in a wheelchair to maneuver or turn.  For example, for some

bathrooms, there is insufficient clear floor space outside the swing of

the doors and insufficient clear floor space centered at the

sinks/lavatories.

40.    The Defendants' pattern or practice of failing to design and/or

construct public and common use areas and dwellings in compliance with the

FHA, as alleged in the complaint, may extend to other multifamily properties, and

absent injunctive relief, to other multifamily properties that may be designed and

constructed in the future.

## **FAIR HOUSING ACT CLAIMS**

41.    The United States re-alleges and incorporates the allegations set forth

above.

42.    The conduct of the Defendants described above violates 42 U.S.C. §§

3604(f)(1), (f)(2) and (f)(3)(C).

43.    The Defendants violated 42 U.S.C. § 3604(f)(3)(C), and 24 C.F.R. §

100.205(c), by failing to design and construct covered multifamily dwellings in

such a manner that:

  a.  the public use and common use portions of the dwellings are readily

     accessible to and usable by persons with disabilities;

  b.  all doors designed to allow passage into and within the dwellings are

     sufficiently wide to allow passage by persons in wheelchairs; and

20

    c.  all premises within such dwellings contain the following features of
adaptive design:

      i.  an accessible route into and through the dwelling;

     ii.  light switches, electrical outlets, thermostats, and other
environmental controls in accessible locations; and

    iii.  usable kitchens and bathrooms, such that an individual using a
wheelchair can maneuver about the space.

44.    The Defendants, through the actions and conduct referred to in the
preceding paragraph, have:

    a.  discriminated in the sale or rental of, or otherwise made unavailable or
denied, dwellings to buyers or renters because of a disability, in
violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R. § 100.202(a);

    b.  discriminated against persons in the terms, conditions, or privileges of
the sale or rental of a dwelling, or in the provision of services or
facilities in connection with a dwelling, because of a disability, in
violation of 42 U.S.C. § 3604(f)(2) and 24 C.F.R. § 100.202(b); and

    c.  failed to design and construct dwellings in compliance with the
accessibility and adaptability features mandated by 42 U.S.C. §
3604(f)(3)(C) and 24 C.F.R. § 100.205.

45.    The conduct of the Defendants described above constitutes:

a. a pattern or practice of resistance to the full enjoyment of rights

   granted by the FHA, 42 U.S.C. §§ 3601-3619; and

b. a denial to a group of persons of rights granted by the FHA, 42 U.S.C.

   §§ 3601-3619, which denial raises an issue of general public

   importance.

46.    Persons who may have been the victims of the Defendants'

discriminatory housing practices are aggrieved persons under 42 U.S.C. § 3602(i),

and may have suffered injuries because of the conduct described above.

47.    The conduct of the Defendants described above was intentional,

willful, and taken in disregard of the rights of others.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States prays that the Court enter an order that:

a. Declares that the conduct of the Defendants as alleged in the

   complaint violates the FHA;

b. Enjoins the Defendants, their officers, employees, agents, successors,

   and all other persons in active concert or participation with any of

   them, from:

   i.  failing or refusing to bring the dwelling units and public and

       common-use areas at covered multifamily properties in which each

Defendant was or is involved in the design and/or construction into

full compliance with the FHA;

   ii.   failing or refusing to conduct FHA compliance surveys to

determine whether the retrofits ordered in paragraph (i), above, or

otherwise performed comply with the FHA;

  iii.   designing or constructing any covered multifamily dwellings and

public and common-use areas in the future that do not comply with

the FHA; and

  iv.   failing or refusing to take such affirmative steps as may be

necessary to restore, as nearly as practicable, the victims of the

Defendants' unlawful practices to the position they would have

been in but for the discriminatory conduct.

c.  Enjoins Rule 19 Defendants Napilihau Villages Association of

Apartment Owners, Napili Villas HOA, Inc., AOAO Wailea Fairway

Villas, Kahului Town Terrace LP and Palehua Apartments LP from

engaging in conduct that impedes any retrofits required to bring the

Subject Properties, including covered multifamily dwelling units and

public and common-use areas, into compliance with the FHA, while

minimizing inconvenience to the residents and visitors at the

properties and to the Rule 19 Defendants; and

23

    d.  Awards monetary damages under 42 U.S.C. § 3614(d)(1)(B) to all

        persons harmed by the Defendants' discriminatory housing practices.

The United States further prays for such additional relief as the interests of justice

may require.

## **JURY DEMAND**

    The United States hereby demands a trial by jury of all issues so triable in

accordance with Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 7, 2022

Respectfully submitted,

MERRICK B. GARLAND
Attorney General

CLARE E. CONNORS                KRISTEN CLARKE
United States Attorney          Assistant Attorney General
District of Hawaii              Civil Rights Division
                                SAMEENA SHINA MAJEED
                                Chief

                                */s/ Nathan Shulock*
SYDNEY SPECTOR                  MICHAEL S. MAURER
HARRY YEE                       Deputy Chief
Assistant United States Attorneys   MAX LAPERTOSA
Room 6-100                      NATHAN SHULOCK
PJKK Federal Building           Trial Attorneys
300 Ala Moana Boulevard         Housing and Civil Enforcement Section
Honolulu, Hawaii 96850          Civil Rights Division
Tel.: (808) 541-2850            U.S. Department of Justice
Fax: (808) 541-3752             950 Pennsylvania Avenue, N.W. – 4 CON
Harry.Yee@usdoj.gov             Washington, DC 20530
                                Tel.: (202) 598-3254
                                Fax: (202) 514-1116
                                Nathan.Berla-Shulock@usdoj.gov

                                Attorneys for Plaintiff
                                United States of America