GORDON REES SCULLY MANSUKHANI, LLP

BENNETT J. CHIN          #6439-0
SABRINA M. KAWANA        #10786-0
707 Richards Street, Suite 625
Honolulu, Hawai'i 96813
Telephone No.: (808) 441-1830
Facsimile No.:  (808) 464-6535
E-mail:   bchin@grsm.com; skawana@grsm.com

Attorneys for Defendants
WARREN S. UNEMORI ENGINEERING,
INC. and GYA ARCHITECTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL NO. CV 19-00531 LEK-RT |
| Plaintiff, | DEFENDANT WARREN S. UNEMORI ENGINEERING, INC.'S ANSWER TO SECOND AMENDED COMPLAINT FILED ON OCTOBER 7, 2022 [ECF NO. 422]; CERTIFICATE OF SERVICE |
| vs. | |
| ALBERT C. KOBAYASHI, INC., MARTIN V. COOPER, DESIGN PARTNERS, INC., MICHAEL N. GOSHI, FRITZ JOHNSON, INC., FREDERICK M. JOHNSON, STANFORD CARR DEVELOPMENT, LLC, SCD WAILEA FAIRWAYS, LLC, SATO & ASSOCIATES, INC., RONALD M. FUKUMOTO ENGINEERING, INC., ROJAC CONSTRUCTION INC., DELTA CONSTRUCTION CORP., WARREN S. UNEMORI ENGINEERING, INC., AND GYA ARCHITECTS, INC., | |
| Defendants, | |

71686409.1

| | |
|---|---|
| and | ) |
| | ) |
| NAPILIHAU VILLAGES | ) |
| ASSOCIATION OF APARTMENT | ) |
| OWNERS, NAPILI VILLAS HOA, | ) |
| INC., AOAO WAILEA FAIRWAY | ) |
| VILLAS, KAHULUI TOWN | ) |
| TERRACE LP, AND PALEHUA | ) |
| APARTMENTS LP, | ) |
| | ) |
| Rule 19 Defendants. | ) |
| | ) |

DEFENDANT WARREN S. UNEMORI ENGINEERING, INC.'S **ANSWER** TO SECOND AMENDED COMPLAINT, FILED ON OCTOBER 7, 2022 [ECF NO. 422]

Defendant WARREN S. UNEMORI ENGINEERING, INC. ("WSUE"), by and through its counsel, Gordon Rees Scully Mansukhani, LLP, hereby answers Plaintiff UNITED STATES OF AMERICA's ("Plaintiff") Second Amended Complaint, filed on October 7, 2022 [ECF No. 422] ("Complaint"), and responds as follows:

## NATURE OF THE ACTION

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent this Paragraph makes any allegations, WSUE denies those allegations.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent this Paragraph makes any allegations, WSUE is

71686409.1    2

without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

3. Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent this Paragraph makes any allegations, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

## SUBJECT PROPERTIES

4. In response to Paragraph 4 of the Complaint, WSUE admits only that it provided civil engineering services for Napilihau Villages – Phase I. WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

5. In response to Paragraph 5 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

6. In response to Paragraph 6 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

7. In response to Paragraph 7 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

8. In response to Paragraph 8 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

9. In response to Paragraph 9 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

## DEFENDANTS

10. In response to Paragraph 10 of the Complaint, upon information and belief, Albert C. Kobayashi, Inc. is a for-profit corporation and was the general contractor for Napilihau Villages. WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

11. In response to Paragraph 11 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

12. In response to Paragraph 12 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

13. In response to Paragraph 13 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

14. In response to Paragraph 14 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

15. In response to Paragraph 15 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

16. In response to Paragraph 16 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

17. In response to Paragraph 17 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

18. In response to Paragraph 18 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

19. In response to Paragraph 19 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

20. In response to Paragraph 20 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

21. In response to Paragraph 21 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

22. WSUE admits the allegations of Paragraph 22 of the Complaint.

23. Upon information and belief, WSUE admits the allegations of Paragraph 23 of the Complaint.

24. In response to Paragraph 24 of the Complaint, WSUE admits that Goodfellow Bros, LLC is a construction firm that participated in the design and/or construction of Napilihau Villages. WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

<u>RULE 19 DEFENDANTS</u>

25. In response to Paragraph 25 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

26. In response to Paragraph 26 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

27. In response to Paragraph 27 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

28. In response to Paragraph 28 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

29. In response to Paragraph 29 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

## FACTUAL ALLEGATIONS

30. In response to Paragraph 30 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

31. Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent this Paragraph makes any allegations, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

32. Paragraph 32 of the Complaint contains legal conclusions to which no response is required. To the extent this Paragraph makes any allegations, WSUE is

without knowledge or information sufficient to form a belief of the truth or falsity of the allegations.

33. In response to Paragraph 33 of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

34. In response to Paragraph 34 of the Complaint, WSUE denies the allegations to the extent they pertain to WSUE.  WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

## Napilihau

35. WSUE denies the allegations of Paragraph 35 subparts (a) through (e). WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 35 subparts (f) through (j) as they do not implicate WSUE's scope of work.

## Napili

36. In response to Paragraph 36, including subparts (a) through (j), of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

### Palehua Terrace

37. In response to Paragraph 37, including subparts (a) through (l), of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

### Kahului

38. In response to Paragraph 38, including subparts (a) through (h), of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

### Wailea Fairway

39. In response to Paragraph 39, including subparts (a) through (j), of the Complaint, WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

40. WSUE denies the allegations in Paragraph 40 to the extent they pertain to WSUE, including those calling for legal conclusions. WSUE is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations as to the other defendants.

### FAIR HOUSING ACT CLAIMS

41. In response to Paragraph 41 of the Complaint, WSUE realleges and reincorporates its responses to each of the allegations contained in the preceding paragraphs above as fully set forth herein.

42. WSUE denies the allegations of Paragraph 42 of the Complaint to the extent they pertain to WSUE, including those calling for legal conclusions. WSUE is without knowledge or information to form a belief as to the truth or falsity of the remaining allegations as to other defendants.

43. WSUE denies the allegations of Paragraph 43, including subparts (a) through (c), of the Complaint to the extent they pertain to WSUE, including those calling for legal conclusions. WSUE is without knowledge or information to form a belief as to the truth or falsity of the remaining allegations as to other defendants.

    a. WSUE denies the allegations of subparagraph 43(a).

    b. WSUE denies the allegations of subparagraph 43(b), which do not apply to WSUE's scope of work on the Napilihau Villages project.

    c. WSUE denies the allegations of subparagraph 43(c)(i) through (c)(iii). Subparagraphs (c)(ii) and (c)(iii) do not apply to WSUE's scope of work on the Napilihau Villages project.

44. WSUE denies the allegations of Paragraph 44, including subparts (a) through (c), of the Complaint to the extent it pertains to WSUE, including those calling for legal conclusions. WSUE is without knowledge or information to form a belief as to the truth or falsity of the remaining allegations as to other defendants.

45. WSUE denies the allegations of Paragraph 45, including subparts (a) and (b), of the Complaint to the extent it pertains to WSUE, including those calling for legal conclusions. WSUE is without knowledge or information to form a belief as to the truth or falsity of the remaining allegations as to other defendants.

46. WSUE denies the allegations of Paragraph 46 of the Complaint to the extent it pertains to WSUE, including those calling for legal conclusions. WSUE further denies that Plaintiff or others are entitled to any relief from WSUE.

47. WSUE denies the allegations of Paragraph 47 of the Complaint to the extent it pertains to WSUE, including those calling for legal conclusions. WSUE is without knowledge or information to form a belief as to the truth or falsity of the remaining allegations as to other defendants.

<u>PRAYER FOR RELIEF</u>

48. WSUE denies the allegations in the "WHEREFORE" Paragraph, following Paragraph 47, including subparts (a), (b)(i) through (b)(iv), (c) and (d). WSUE further denies that Plaintiff or others are entitled to any relief from WSUE.

49. Each and every other allegation not specifically answered herein is denied.

**<u>AFFIRMATIVE DEFENSES</u>**

1. The Complaint fails to state a claim against WSUE upon which relief can be granted.

2. This Court lacks jurisdiction over the subject matter.

3. WSUE intends to rely upon the defense of failure to join an indispensable party.

4. Plaintiff's claims are barred by the applicable statute of limitations.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring such claims.

6. WSUE has not and does not engage in a pattern or practice of discrimination against persons with disabilities.

7. WSUE appropriately completed and fully performed and discharged any all obligations and legal duties, if any, arising out of matters alleged in the Complaint.

8. Plaintiff's claims are barred based upon the doctrine of laches, waiver, estoppel, and/or unclean hands.

9. WSUE intends to rely upon the defense of knowledge, authorization, and/or consent.

10. WSUE intends to rely upon the defense of acceptance, ratification, and/or acquiescence.

11. WSUE did not violate any statutory or common law duty.

12. WSUE did not engage in any negligent, grossly negligent, arbitrary, willful, or unlawful conduct.

13. Plaintiffs' claims and alleged damages, if any, were caused in whole or in part, or were contributed to by the negligent acts or omissions by other individuals, entities, or parties, not under the control or direction of WSUE.

14. WSUE is not vicariously liable, under the doctrine of *respondeat superior* or any principles of agency, for the acts or omissions of other parties or entities.

15. WSUE intends to rely upon the affirmative defense of spoliation of evidence.

16. All affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon filing of this Answer, and therefore, WSUE gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in FRCP Rule 8, and that it intends to allege those defenses of which it may become aware during the course of discovery or trial in this action.

WHEREFORE, having fully answered Plaintiff's Complaint, WSUE respectfully prays for judgment as follows:

A. That the Complaint be dismissed with prejudice;

B. That WSUE be awarded its costs and reasonable attorneys' fees, including but not limited to relief pursuant to 42 USC § 3614(d)(2);

  C. That WSUE be awarded such other and further relief as this Court may deem just, equitable and proper.

  DATED:  Honolulu, Hawaii, October 21, 2022.

          /s/ Sabrina M. Kawana
          BENNETT J. CHIN
          SABRINA M. KAWANA

          Attorneys for Defendants
          WARREN S. UNEMORI ENGINEERING,
          INC. and GYA ARCHITECTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. CV 19-00531 LEK-RT |
| ) | |
| Plaintiff, ) | CERTIFICATE OF SERVICE |
| ) | |
| vs. ) | |
| ) | |
| ALBERT C. KOBAYASHI, INC., ) | |
| MARTIN V. COOPER, DESIGN ) | |
| PARTNERS, INC., MICHAEL N. ) | |
| GOSHI, FRITZ JOHNSON, INC., ) | |
| FREDERICK M. JOHNSON, ) | |
| STANFORD CARR ) | |
| DEVELOPMENT, LLC, SCD ) | |
| WAILEA FAIRWAYS, LLC, SATO ) | |
| & ASSOCIATES, INC., RONALD M. ) | |
| FUKUMOTO ENGINEERING, INC., ) | |
| ROJAC CONSTRUCTION INC., ) | |
| DELTA CONSTRUCTION CORP., ) | |
| WARREN S. UNEMORI ) | |
| ENGINEERING, INC., AND GYA ) | |
| ARCHITECTS, INC., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| NAPILIHAU VILLAGES ) | |
| ASSOCIATION OF APARTMENT ) | |
| OWNERS, NAPILI VILLAS HOA, ) | |
| INC., AOAO WAILEA FAIRWAY ) | |
| VILLAS, KAHULUI TOWN ) | |
| TERRACE LP, AND PALEHUA ) | |
| APARTMENTS LP, ) | |
| ) | |
| Rule 19 Defendants. ) | |
| ) | |

71686409.1

## CERTIFICATE OF SERVICE

I hereby certify that, on the date noted below, a true and correct copy of the foregoing document was duly served upon the following persons by the method of service indicated below:

**Served Electronically through CM/ECF:**

| | |
|---|---|
| KRISTEN CLARKE, ESQ. | |
| SAMEENA SHINA MAJEED, ESQ. | |
| MICHAEL S. MAURER, ESQ. | |
| MAX LAPERTOSA, ESQ. | |
| NATHAN SHULOCK, ESQ. | Nathan.Berla-Shulock@usdoj.gov |

United States Department of Justice,
  Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W. – 4 CON
Washington, D.C. 20530

    - and -

| | |
|---|---|
| CLARE E. CONNORS, ESQ. | |
| SYDNEY SPECTOR, ESQ. | |
| HARRY YEE, ESQ. | Harry.Yee@usdoj.gov |

Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
    Attorneys for Plaintiff

| | |
|---|---|
| ANNA M. ELENTO-SNEED, ESQ. | aes@esandalaw.com |
| TRISHA C. GIBO, ESQ. | tgibo@esandalaw.com |
| SAMANTHA M. SNEED, ESQ. | ssneed@esandalaw.com |

ES&A, Inc.
Pauahi Tower, Suite 2750
1003 Bishop Street
Honolulu, Hawaii 96813

    - and -

LEIGHTON M. HARA, ESQ.                         lhara@ota-hara.com
Ota & Hara LLLC
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2860
Honolulu, Hawaii 96813

    - and -

MILES B. FURUTANI, ESQ.                        mfurutani@hawaii.rr.com
700 Bishop Street, Suite 1700
Honolulu, Hawaii 96813
  Attorneys for Defendant
  ALBERT C. KOBAYSHI, INC.

FRANK K. GOTO, JR., ESQ.                       fgoto@frankgotolaw.com
JANE KWAN, ESQ.                                jkwan@frankgotolaw.com
DANA E. MORITA, ESQ.                           dmorita@frankgotolaw.com
Law Offices of Frank K. Goto, Jr.
888 Mililani Street, Suite 300
Honolulu, Hawaii 96813
  Attorneys for Defendants
  MARTIN V. COOPER, SATO &
  ASSOCIATES, INC., and
  FUKUMOTO ENGINEERING, INC.

ARTHUR H. KUWAHARA, ESQ.                       ahk@lkwyl.com
Kim & Kuwahara
345 Queen Street, Suite 915
Honolulu, Hawaii 96813
  Attorney for Defendants
  DESIGN PARTNERS, INC. and
  MICHAEL N. GOSHI

| | |
|---|---|
| LEROY E. COLOMBE, ESQ. | lcolombe@chunkerr.com |
| JASON W. JUTZ, ESQ. | jjutz@chunkerr.com |

Chun Kerr LLP
999 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
   Attorneys for Defendants
   FRITZ JOHNSON, INC. and
   FREDERICK M. JOHNSON

| | |
|---|---|
| DAVID R. MAJOR, ESQ. | dmajor@legalhawaii.com |
| SHARON PARIS, ESQ. | sparis@legalhawaii.com |

Lung Rose Voss & Wagnild
Topa Financial Center
700 Bishop Street, Suite 900
Honolulu, Hawaii 96813
   Attorneys for Defendant
   AOAO WAILEA FAIRWAY VILLAS

WILLIAM MEHEULA, ESQ.      bill@meheulalaw.com
Meheula Law, LLLC
Three Waterfront Plaza, Suite 499
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
   Attorney for Defendants
   STANFORD CARR DEVELOPMENT,
   LLC and SCD WAILEA FAIRWAYS, LLC

HARVEY MAXWELL K. KOPPER, ESQ.   mkopper@HawaiiLegal.com
Porter McGuire Kiakona, LLP
841 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
   Attorney for Rule 19 Defendant
   NAPILIHAU VILLAGES ASSOCIATION
   OF APARTMENT OWNERS

| | |
|---|---|
| WILLIAM M. McKEON, ESQ. | wmckeon@berdingweil.com |
| REBECCA O. FILIPOVIC, ESQ. | rfilipovic@berdingweil.com |

Berding & Weil, LLP
2145 Kaohu Street, Suite 203
Wailuku, Hawaii 96793
    Attorneys for Rule 19 Defendant
    NAPILI VILLAS HOA, INC.

| | |
|---|---|
| GEORGE W. BRANDT, ESQ. | gbrandt@lbchlaw.com |
| PAUL R. GRABLE, ESQ. | pgrable@lbchlaw.com |

Lyons Brandt Cook & Hiramatsu
Davies Pacific Center
841 Bishop Street, Suite 1800
Honolulu, Hawaii 96813
    Attorneys for Rule 19 Defendant
    KAHULUI TOWN TERRACE LP

KURT K. LEONG, ESQ.    kleong@ollon.com
Ogawa Lau Nakamura & Jew
The Block, Suite 600
707 Richards Street
Honolulu, Hawaii 96813
    Attorney for Rule 19 Defendant
    PALEHUA APARTMENTS LP

| | |
|---|---|
| ANNA H. OSHIRO, ESQ. | aho@hawaiilawyer.com |
| NICHOLAS K. ERNST, ESQ. | ne@hawaiilawyer.com |

Damon Key Leong Kupchak Hastert
1003 Bishop Street, Suite 1600
Honolulu, Hawaii 96813
    Attorneys for Defendant
    ROJAC CONSTRUCTION INC.

DAVID A. NAKASHIMA, ESQ.      dan@nchilaw.com
RYAN B. KASTEN, ESQ.         rbk@nchilaw.com
Nakashima Ching LLC
737 Bishop Street, Suite 2090
Honolulu, Hawaii 96813
   Attorneys for Defendant
   DELTA CONSTRUCTION CORPORATION

DATED: Honolulu, Hawaii, October 21, 2022.

                      /s/ Sabrina M. Kawana
                      BENNETT J. CHIN
                      SABRINA M. KAWANA

                      Attorneys for Defendants
                      WARREN S. UNEMORI ENGINEERING,
                      INC. and GYA ARCHITECTS, INC.