UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>ALBERT C. KOBAYASHI, INC.;<br>MARTIN V. COOPER; DESIGN<br>PARTNERS, INC.; MICHAEL N.<br>GOSHI; FRITZ JOHNSON, INC.;<br>FREDERICK M. JOHNSON; NAPILIHAU<br>VILLAGES ASSOCIATION OF<br>APARTMENT OWNERS; NAPILI VILLAS<br>HOA, INC.; AOAO WAILEA FAIRWAY<br>VILLAS; KAHULUI TOWN TERRACE LP;<br>PALEHUA APARTMENTS LP; STANFORD<br>CARR DEVELOPMENT, LLC; SCD<br>WAILEA FAIRWAYS, LLC; SATO &<br>ASSOCIATES, INC.; RONALD M.<br>FUKUMOTO ENGINEERING, INC.;<br>ROJAC CONSTRUCTION INC.; DELTA<br>CONSTRUCTION CORPORPORATION;<br>WARREN S. UNEMORI ENGINEERING,<br>INC.; GYA ARCHITECTS, INC.; AND<br>GOODFELLOW BROS. LLC,<br><br>            Defendants. | CIV. NO. 19-00531 LEK-RT |

**ORDER DENYING: DEFENDANT ALBERT C. KOBAYASHI, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DEFENDANT MARTIN V. COOPER'S SUBSTANTIVE JOINDER TO DEFENDANT ALBERT C. KOBAYASHI, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF.NO. 369]; AND DEFENDANTS DESIGN PARTNERS, INC. AND MICHAEL N. GOSHI'S _SUBSTANTIVE JOINDER_ TO DEFENDANT ALBERT C. KOBAYASHI, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT. #369]**

        On July 29, 2022, Defendant/Cross-Defendant/Cross-Claimant Albert C. Kobayashi, Inc. ("ACKI" or "ACK") filed its Motion for Partial Summary Judgment ("Motion"). [Dkt. no. 369.] On August 1, 2022, Defendant/Cross-Defendant/Cross-Claimant

Martin V. Cooper ("Cooper") filed his Substantive Joinder to
Defendant Albert C. Kobayashi, Inc.'s Motion for Partial Summary
Judgment [ECF No. 369] ("Cooper Joinder").  [Dkt. no. 374.]
Also on August 1, 2022, Defendant/Cross-Defendant/Cross-Claimant
Design Partners, Inc. ("DPI") and Defendant/Cross-
Defendant/Cross-Claimant Michael N. Goshi ("Goshi" and
collectively "the DPI Defendants") filed their **Substantive
Joinder** to Defendant Albert C. Kobayashi, Inc.'s Motion for
Partial Summary Judgment [Dkt. #369] ("DPI Defendants Joinder").
[Dkt. no. 376.]  Plaintiff United States of America ("the United
States") filed its memorandum in opposition to the Motion, the
Cooper Joinder, and the DPI Defendant Joinder (collectively "the
Motions") on October 7, 2022 ("United States Opposition").
[Dkt. no. 411.]  Also on October 7, 2022, Defendant/Cross-
Defendant Delta Construction Corporation ("Delta") filed its
memorandum in opposition to the Motion ("Delta Opposition").[1]
[Dkt. no. 417.]

---

[1] On October 7, 2022, Defendant/Cross-Defendant Napili
Villas HOA, Inc. filed its statement of no position on the
Motions and Defendant/Cross-Defendant/Cross-Claimant Napilihau
Villages Association of Apartment Owners filed its statement of
no position on ACKI's Motion.  [Dkt. nos. 420, 423.]  On
October 10, 2022, Defendants/Cross-Defendants Warren S. Unemori
Engineering, Inc. and GYA Architects, Inc. filed their statement
of no position on the Motions.  [Dkt. no. 424.]

The DPI Defendants, Cooper, and ACKI (collectively "Moving Defendants") filed their respective replies to the United States Opposition on October 14, 2022 ("DPI Defendants Reply," "Cooper Reply," and "ACKI Reply"). [Dkt. nos. 430, 432, 434.] Also on October 14, 2022, ACKI filed its reply to the Delta Opposition ("ACKI Reply to Delta Opposition"). [Dkt. no. 436.]

The United States filed its Surreply in Opposition to Defendants' Motions for Partial Summary Judgment on October 25, 2022 ("United States Surreply").[2] [Dkt. no. 458.] On October 31, 2022, the DPI Defendants, ACKI, and Cooper filed their respective surreplies to the United States Surreply ("DPI Defendants Surreply," "ACKI Surreply," and "Cooper Surreply"). [Dkt. nos. 462, 463, 464.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). The Motions are hereby denied for the reasons set forth below.

---

[2] On October 19, 2022, the United States filed a motion seeking leave to file its surreply, see dkt. no. 440, and an entering order was issued on October 24, 2022 granting the United States' motion for leave, see dkt. no. 457.

## BACKGROUND

### I.   Relevant Allegations

The United States' operative complaint is its Second Amended Complaint, filed on October 7, 2022.[3]  [Dkt. no. 422.] The United States alleges ACKI was the general contractor and participated in the design and/or construction of Napilihau Villages ("Napilihau"), Napili Villas Phases I, II, and III (collectively "Napili"), Palehua Terrace Phase I ("Palehua"), Kahului Town Terrace ("Kahului"), and Wailea Fairway Villas ("Wailea" and collectively "the Subject Properties").  See id. at ¶¶ 4-10.  The United States further alleges Cooper participated in the design and/or construction of Napilihau and the DPI Defendants participated in the design and/or construction of Napili and Wailea.  See id. at ¶¶ 11-13.

---

[3] The Second Amended Complaint was filed after the Motions. Generally, "[a]n amended complaint supersedes the original complaint and renders it without legal effect." Brown v. Stored Value Cards, Inc., 953 F.3d 567, 573 n.5 (9th Cir. 2020) (citing Lacey v. Maricopa County, 693 F.3d 896, 925 (9th Cir. 2012) (en banc)).  However, some courts have found that an amended complaint "only moots pending motions for summary judgment if judgment is sought on claims that the operative complaint no longer contains." See, e.g., McGee v. Ward Mem'l African Methodist Episcopal Church, 346 F. Supp. 3d 131, 135 n.2 (D.D.C. 2018) (citations omitted).  The Second Amended Complaint does not change any allegations against ACKI, Cooper, or the DPI Defendants.  See Stipulation to Permit United States to File Second Amended Complaint, filed 10/7/22 (dkt. no. 421), Exh. B (redline version of Second Amended Complaint indicating changes made to the Amended Complaint).  As such, the Motions are not moot.

The United States asserts the Moving Defendants, among others, "have discriminated against persons with disabilities by failing to design and construct covered multifamily dwellings [at the Subject Properties] that are accessible to persons with disabilities." [Id. at ¶ 1.]  Pertinent to the Motions, the United States alleges the Moving Defendants violated the Fair Housing Act ("FHA"),[4] 42 U.S.C. § 3604(f)(1), (f)(2), and (f)(3)(C), and 24 C.F.R. §§ 100.202(a) and (b), and 100.205(c). See id. at ¶¶ 42-44.b.  The United States seeks: a declaratory judgment that the named defendants violated the FHA; an injunction against the named defendants to stop violating the FHA; and monetary damages.  See id. at pgs. 22-24.

II.  **Relevant Facts**

   A.  **Preliminary Matters**

      Local Rule 56.1(e) states, in pertinent part:

      The opposing party shall also assert, in a
      separate section of its concise statement, any
      additional facts the party believes the court
      should consider, set forth in the same manner as
      in the movant's concise statement, as described
      in LR56.1(b).  If such additional facts are
      advanced in the opposing party's concise
      statement, the movant shall file, together with
      its reply brief, a further concise statement that
      responds only to those additional facts.

---

[4] The FHA was amended by the Fair Housing Amendments Act of 1988 ("FHAA").  The Court uses the terms FHA and FHAA interchangeably.

Additionally, "[f]or purposes of a motion for summary judgment, material facts set forth in the movant's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party."  Local Rule LR56.1(g). Although the DPI Defendants filed a reply to the United States' memorandum in opposition, their accompanying concise statement of facts does not address the United States concise statement of facts to the DPI Defendants Joinder.  See generally DPI Defendants' Concise Statement of Facts in Support of Defendants Design Partners, Inc. and Michael N. Goshi's Reply Memorandum to United States' Memorandum in Opposition to Motions for Partial Summary Judgment by Defendants Albert C. Kobayashi, Inc., Martin V. Cooper, Design Partners, Inc. and Michael N. Goshi [Dkt. #411] ("DPI Defendants Responsive CSOF"), filed 10/14/22 (dkt. no. 431); see also United States' Response to Defendants Design Partners, Inc.'s and Michael N. Goshi's Concise Statement of Facts in Support of Their Motion for Partial Summary Judgment ("United States CSOF to DPI Defendants Joinder"),[5] filed 10/7/22 (dkt. no. 415).

---

[5] "United States CSOF to DPI Defendants Joinder" refers to Section II of docket number 415.  Section I sets forth the United States' response to the DPI Defendants' Concise Statement of Facts and will be referred to as "United States Responsive CSOF to DPI Defendants Joinder."

Similarly, although Cooper filed a reply to the United States' memorandum in opposition, his accompanying concise statement of fact does not address the United States' additional facts.  See generally Cooper's Concise Statement of Facts in Support of Defendant Martin V. Cooper's Substantive Joinder to Defendant Albert C. Kobayashi, Inc.'s Motion for Partial Summary Judgment [ECF No. 369] ("Cooper Responsive CSOF"), filed 10/14/22 (dkt. no. 433); see also United States' Response to Defendant Martin V. Cooper's Concise Statement of Facts in Support of its Motion for Partial Summary Judgment ("United States CSOF to Cooper Joinder"),[6] filed 10/7/22 (dkt. no. 416). Therefore, the United States' additional facts expressly cited here are deemed admitted for purposes of this Order.

**B.  Napili**

Napili is a multifamily housing project on Maui, Hawai`i that consists of 26 buildings without elevators.  It has 184 dwelling units, 80 of which are ground-floor units.  See United States' Response to Defendant Albert C. Kobayashi, Inc.'s Concise Statement of Facts in Support of Its Motion for Partial Summary Judgment ("United States CSOF to ACKI Motion"), filed

---

[6] "United States CSOF to Cooper Joinder" refers to Section II of docket number 416.  Section I sets forth the United States' response to Cooper's Concise Statement of Facts and will be referred to as "United States Responsive CSOF to Cooper Joinder."

10/7/22 (dkt. no. 414), at ¶¶ 1-2;[7] Defendant Albert C.
Kobayashi, Inc.'s Concise Counterstatement of Facts in Response
to United States' Response to Defendant Albert C. Kobayashi,
Inc.'s Concise Statement of Facts in Support of Its Motion for
Partial Summary Judgment, Filed October 7, 2022 [ECF. No. 414]
("ACKI Responsive CSOF"), filed 10/14/22 (dkt. no. 435), at
¶¶ 1-2 (stating that United States CSOF to ACKI Motion ¶¶ 1-2 is
undisputed).  "ACK was the general contractor for Napili and
participated in the design and/or construction of the ground-
floor units at Napili." [United States CSOF to ACKI Motion at
¶ 4; ACKI Responsive CSOF at ¶ 4.]  "ACK's contract for Napili
specified that ACK would construct 100 condominium units and
related common elements." [United States CSOF to ACKI Motion at
¶ 7 (ellipse, citation, and internal quotation marks omitted);
ACKI Responsive CSOF at ¶ 7.]  "ACK constructed sidewalks,
stairs, and railings in the public and common use areas of
Napili." [United States CSOF to ACKI Motion at ¶ 8; ACKI
Responsive CSOF at ¶ 8.]

The DPI Defendants "participated in the design and/or
construction of the ground floor units at Napili." [United
States CSOF to DPI Defendants Joinder at ¶ 4.]  According to a

---

[7] "United States CSOF to ACKI Motion" refers to Section II
of docket number 414.  Section I sets forth the United States'
response to ACKI's Concise Statement of Facts and will be
referred to as "United States Responsive CSOF to ACKI Motion."

fee proposal related to Napili, the DPI Defendants were responsible for "develop[ing] a site plan, floor plans, building plans, roof plans, exterior elevations, and . . . prepar[ing] sketches of the total proposed project concept . . . ."  [DPI Defendants' Concise Statement of Facts in Support of Defendants Design Partners, Inc. and Michael N. Goshi's Substantive Joinder to Defendant Albert C. Kobayashi, Inc.'s Motion for Partial Summary Judgment [Dkt. #369] ("DPI Defendants CSOF"), filed 8/1/22 (dkt. no. 377), Declaration of Michael N. Goshi ("Goshi Decl."), Exh. A (Fee Proposal, dated 5/30/01 and revised 7/19/01, to Napili Villas, LLC from DPI) at PageID.2447).]

        Although a civil engineer was "to provide the grading, drainage and utilities engineering plans," the DPI Defendants were to "provide support as required by [the civil engineer] during this process."  [Id. at PageID.2449.]  The DPI Defendants' "'Fee Proposal' for Napili required it to perform 'Construction Administration,' including 'site visits,' attending 'monthly site meetings and provid[ing] weekly site observations,' and 'answering any questions which may arise . . . [.]'"  [United States CSOF to DPI Defendants Joinder

at ¶ 11 (alterations in United States CSOF to DPI Defendants Joinder) (quoting Goshi Decl., Exh. A at 2).[8]]

    **C.**   **Napilihau**

      Napilihau is a multifamily housing project on Maui that consists of 9 buildings without elevators.  It has 76 dwelling units, 36 of which are ground-floor units.  <u>See</u> United States CSOF to ACKI Motion at ¶¶ 10-11; ACKI Responsive CSOF at ¶¶ 10-11.  "ACK was the general contractor for Napilihau and participated in the design and/or construction of the ground-floor units at Napilihau."  [United States CSOF to ACKI Motion at ¶ 13; ACKI Responsive CSOF at ¶ 13.]  "ACK's construction of the ground-floor units at Napilihau included structural excavation under the buildings and laying the building pads."  [United States CSOF to ACKI Motion at ¶ 16; ACKI Responsive CSOF at ¶ 16.]  "During the construction of Napilihau, ACK attended meetings with [Defendant] Goodfellow Brothers [('Goodfellow')] concerning the construction of the 'exterior' common areas."  [United States CSOF to ACKI Motion at ¶ 19; ACKI Responsive CSOF at ¶ 19.]

      "ACK agreed to participate in 'a walk through inspection of the site improvements before ACK enter[ed] the

_____

[8] Although the United States cites to page two of Exhibit A, the language cited is on page five.  <u>See</u> Goshi Decl., Exh. A at PageID.2450.

site [Napilihau]' and to become responsible for the 'maintenance
and repair or replacement of the site improvements [at
Napilihau] once ACK [took] over that portion of the site.'"
[United States CSOF to ACKI Motion at ¶ 21 (some alterations in
United States CSOF to ACKI Motion) (quoting Declaration of Max
Lapertosa ("Lapertosa Decl."), filed 10/7/22 (dkt. no. 412),
Exh. N at WSUE000124, Exh. O at WSUE000152);[9] ACKI Responsive
CSOF at ¶ 21 (stating it does not dispute the text of the
documents quoted).]  "ACK's scope of work [at Napilihau]
includes the building construction and utilities to five (5)
feet outside the building line.  However, concrete sidewalks
from the parking areas to each building . . . are not included
in ACK's scope of work."  [Lapertosa Decl., Exh. O at
WSUE000153, ¶ 9.]

        "Cooper participated in the design and/or construction
of the ground-floor units at Napilihau."  [United States CSOF to
Cooper Joinder at ¶ 4.]  Cooper's design plans for Napilihau
included:

-"a general site plan that indicated the location of sidewalks,
    walkways to units, and parking"; [id. at ¶ 5;]

--------

[9] Exhibit N is the Minutes of Meeting, received by Warren S.
Unemori Engineering, Inc., held at Napilihau Villages Site on
October 31, 1996 concerning Napilihau Villages, Phase 1.
Exhibit O is Minutes of Meeting held at Napilihau Villages Site
on October 31, 1996, revised on November 15, 1996.

-"a site plan that identifies the location of accessible parking spaces"; [id. at ¶ 6;]

-"plans for common-area barbeque areas and trash enclosures"; [id. at ¶ 7;] and

-indications about "the elevation of ground-floor dwelling units," [id. at ¶ 8].[10]

### D. **Palehua**

Palehua is a multifamily housing project on Oahu, Hawai`i that consists of seven buildings without elevators. It has 84 dwelling units, 42 of which are ground floor units. See United States CSOF to ACKI Motion at ¶¶ 23-24; ACKI Responsive CSOF at ¶¶ 23-24. "ACK was the general contractor for Palehua and participated in the design and/or construction of the ground-floor units at Palehua." [United States CSOF to ACKI Motion at ¶ 26; ACKI Responsive CSOF at ¶ 26.] "ACK constructed sidewalks, walkways, common-area shared mailboxes, picnic areas, barbeque areas, and trash enclosures at Palehua." [United

---

[10] Cooper contends that he "was retained to prepare building permit drawings for the sole purpose of obtaining the building permit for Napilihau." [Cooper Responsive CSOF at ¶ 6.] First, the Cooper Responsive CSOF violates Local Rule 56.1 because it fails to "respond[] only to [the United States'] additional facts." See Local Rule LR56.1(e). Second, although Cooper states his plans were "not meant for and could not be used for construction of any potential exterior . . . elements," [Cooper Responsive CSOF at ¶ 12,] Cooper does not contest that the plans depict what the United States say they depict, see, e.g., id. at ¶ 13 ("Plaintiff has presented this Court with site plans of Napilihau which were allegedly prepared by Cooper." (emphasis omitted)).

States CSOF to ACKI Motion at ¶ 29 (citing Lapertosa Decl.,
Exhs. R, S, T); ACKI Responsive CSOF at ¶ 29 (stating it does
not dispute the text of the documents cited).]  "Under its
contract for Palehua, ACK agreed to cooperate with 'any other
participant in the project,' including the 'sitework
contractor,' with respect to construction of both dwelling units
and public and common use areas at Palehua."  [United States
CSOF to ACKI Motion at ¶ 30 (quoting Lapertosa Decl., Exh. U);[11]
ACKI Responsive CSOF at ¶ 30 (stating it does not dispute the
text of the document quoted).]

  **E.** **Wailea**

   Wailea is a multifamily housing project on Maui that
consists of 23 buildings without elevators.  It has 118 dwelling
units, 46 of which are ground-floor units.  <u>See</u> United States
CSOF to ACKI Motion at ¶¶ 31–32; ACKI Responsive CSOF at ¶¶ 31–
32.  "ACK was the general contractor for Wailea and participated
in the design and/or construction of the ground-floor units at
Wailea as well as the clubhouse."  [United States CSOF to ACKI
Motion at ¶ 34; ACKI Responsive CSOF at ¶ 34.]

   The Wailea project description provided by the DPI
Defendants included "a project recreational facility (to include

---

   [11] Exhibit U is the Palehua Terrace Project, Phase 1 -
Housing Construction Contract Between Developer and Contractor,
dated 2/4/99 between Palehua Apartments, LP and ACKI.  [Dkt.
no. 412-21.]

kitchen, meeting room and exercise room)," "swimming pool,"
"trash enclosures, mailbox structures, project fencing, [and]
entry features."  [Goshi Decl., Exh. B (Fee Proposal, for
architectural services, dated 2/18/97 and revised 5/22/98, to
Stanford S. Carr Development Corporation ("SCD") from DPI) at
PageID.2452.]  The DPI Defendants were to "develop a site plan,
floor plans, building plans, roof plans and exterior elevations,
and . . . prepare sketches of the total proposed project
concept . . . ."  [Id. at PageID.2453.]  After DPI conducted a
field visit on October 5, 1999, ACKI performed a survey of
Wailea, "which showed that the sidewalks and roads, as built,
d[id] not conform to the civil drawings," and the roads were
higher than originally drawn, "resulting in a greater height
differential between road and unit entry."  [Lapertosa Decl.,
Exh. Z at PageID.2966 (memorandum, dated 10/21/99, regarding
telephone conference between Clarissa Santoki of DPI and Jay
Nakamura of SCD).]

III.  **The Instant Motions**

        At issue in the Motions is whether the Moving
Defendants can be held liable for purported violations of the
FHA based on – as they deem it – "exterior" work performed at

14

the Subject Properties,[12] although they assert that they have only performed "interior" work at the Subject Properties.  See, e.g., Motion, Mem. in Supp. at 13–14; Cooper Joinder, Mem. in Supp. at 7–8; DPI Defendants Joinder, Mem. in Supp. at 3–5.

## DISCUSSION

## I.   Preliminary Matters

In the ACKI Reply, ACKI asks the Court to strike the United States' concise statement of facts submitted in support of its memorandum in opposition to ACKI's Motion because it violates the page and word limits in Local Rule 56.1(c).  See ACKI Reply at 1.  The United States contends that its concise statement of facts should not be stricken because the limits only apply to the United States CSOF to ACKI Motion, not the United States Responsive CSOF to ACKI Motion.  See United States Surreply at 1–2.  The Court denies ACKI's request.  Much of the United States' concise statement of facts in support of its memorandum in opposition to ACKI's Motion responds to ACKI's concise statement of facts, which itself violates Local Rule 56.1.  See Minute Order – EO: Court Order Informing Defendant Albert C. Kobayashi Inc. that Portions of Its Concise

---

[12] Although the Court refers to Napilihau, Napili, Wailea, Kahului, and Palehua as the Subject Properties, ACKI states that its Motion does not seek summary judgment for claims related to Kahului.  See Motion, Mem. in Supp. at 2 n.2.  Accordingly, the United States' claims related to Kahului are not addressed in the instant Order.

Statement of Facts in Support of Its Motion for Partial Summary Judgment Will Not Be Considered by the Court, filed 10/21/22 (dkt. no. 444) ("10/21/22 EO"); see also Concise Statement of Facts in Support of Defendant Albert C. Kobayashi, Inc.'s Motion for Summary Partial Judgment ("ACKI CSOF"), filed 7/29/22 (dkt. no. 370).  Because the Court does not consider many of the paragraphs in the ACKI CSOF, see 10/21/22 EO, the Court refuses to penalize the United States for dedicating space in its concise statement of facts addressing those now disregarded paragraphs.

In the United States Surreply, the United States asks the Court to disregard the new facts submitted in Cooper's and the DPI Defendants' concise statement of facts in support of their respective replies.  See United States Surreply at 3.  In the Background section of this Order, the Court addresses some of the issues with Cooper's and the DPI Defendants' concise statement of facts in support of their respective replies.  See supra Background Section II.A.  The Court notes, however, that if it were to follow the letter of the Local Rules, it could: (1) disregard **all** of the new additional facts stated in the DPI Defendants Responsive CSOF and the Cooper Responsive CSOF; and (2) deem admitted **all** of the additional facts in the United States CSOF to DPI Defendants Joinder and the United States

Responsive CSOF to Cooper Joinder.[13]  See Local Rule LR56.1(e),
(g).

The Court declines to rule on which specific
additional facts it disregards or deems admitted, other than
what it has already addressed.  See *supra* Background
Section II.A.  Finally, the parties are warned that the failure
to comply with the applicable rules in the future may result in
sanctions.  See Local Rule LR11.1 ("Failure of counsel or a
party to comply with any provision of the Local Rules is a
ground for imposition of appropriate sanctions, including a fine
or dismissal.  Sanctions may be imposed by the court sua sponte
consistent with applicable law.").

## II.  **Relevant Law Under the FHA**

The Court must "'start with the statutory text.'"
Salisbury v. City of Santa Monica, 998 F.3d 852, 858 (9th Cir.
2021) (some citations omitted) (quoting Tanzin v. Tanvir, ---
U.S. ----, 141 S. Ct. 486, 489, 208 L. Ed. 2d 295 (2020)).
Under the FHA,

it shall be unlawful--

. . . .

(f)(1)   To discriminate in the sale or
rental, or to otherwise make unavailable or

---

[13] The Court notes that it has only deemed admitted the
United States' additional facts expressly cited in the
Background section.  See *supra* Background Section II.A.

deny, a dwelling to any buyer or renter because of a handicap of--

    (A)   that buyer or renter[;]

    (B)   a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or

    (C)   any person associated with that buyer or renter.

(2)   To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of--

    (A)   that person; or

    (B)   a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or

    (C)   any person associated with that person.

(3)   For purposes of this subsection, discrimination includes--

    . . . .

    (C)   in connection with the design and construction of covered multifamily dwellings for first occupancy after the date that is 30 months after September 13, 1988, a failure to design and construct those dwellings in such a manner that--

        (i)   the public use and common use portions of such dwellings are readily accessible to and usable by handicapped persons;

        . . . .

18

> > (iii) all premises within such
> > dwellings contain the following
> > features of adaptive design:
> >
> > > (I)  an accessible route into
> > > and through the
> > > dwelling[.] . . .

42 U.S.C. § 3604 (footnote omitted).

"'When a group of entities enters into the design and construction of a covered dwelling, all participants in the process as a whole are bound to follow the FHA. . . .  In essence, any entity who contributes to a violation of the FHA would be liable.'" Mont. Fair Hous., Inc. v. Am. Cap. Dev., Inc., 81 F. Supp. 2d 1057, 1069 (D. Mont. 1999) (alteration in Mont. Fair Hous.) (quoting Balt. Neighborhoods, Inc. v. Rommel Builders, Inc., 3 F. Supp. 2d 661, 665 (D. Md. 1998)); see also Balt. Neighborhoods, 3 F. Supp. 2d at 665 ("[T]he Court does not suggest that all participants are jointly and severally liable for the wrongful actions of others regardless of their participation in the wrongdoing, but rather, that those who are wrongful participants are subject to liability for violating the FHAA."). Claims under the FHA require a showing that the defendants were the proximate cause of the injury at issue. See Bank of Am. Corp. v. City of Miami, 581 U.S. 189, 202–03 (2017) ("[P]roximate cause under the FHA requires some direct relation between the injury asserted and the injurious conduct alleged." (citation and internal quotation marks omitted)).

19

### III. __Whether ACKI Can Be Held Liable Under the FHA__

As an initial matter, the Court is skeptical of the Moving Defendants' attempt to delineate between "exterior" and "interior" work.  The FHA does not make such a distinction.  What matters under the FHA is whether the Moving Defendants failed to design and construct covered multifamily dwellings with common use and public use areas that "are readily accessible to and usable by" persons with disabilities.  See 42 U.S.C. § 3604(f)(3)(C)(i).  The Court must, therefore, analyze the Moving Defendants' involvement in each of the Subject Properties.  The Court begins with ACKI.

#### A. __Napili__

It is undisputed that "ACK constructed sidewalks, stairs, and railings in the public and common use areas of Napili."  [United States CSOF to ACKI Motion at ¶ 8; ACKI Responsive CSOF at ¶ 8.]  Considering "the evidence in the light most favorable to [the United States] as the nonmoving part[y]," see Harris v. Cnty. of Orange, 17 F.4th 849, 855 (9th Cir. 2021) (quotation marks and citation omitted), there is a genuine issue of material fact as to whether ACKI failed to design and construct covered multifamily dwellings with common use and public use areas that are readily accessible to and usable by persons with disabilities.  As such, ACKI is not entitled to summary judgement as to the issue of its liability under the FHA

20

for the work performed at Napili.  See Fed. R. Civ. P. 56(a)
("The court shall grant summary judgment if the movant shows
that there is no genuine dispute as to any material fact and the
movant is entitled to judgment as a matter of law.").

###   B.   Napilihau

ACKI excavated and then laid concrete for Napilihau.
See Lapertosa Decl., Exh. I (chart of ACKI's excavation and
other work at Napilihau).  ACKI also built numerous building
types for Napilihau.  See id., Exh. K (Standard Form of
Agreement Between Owner and Contractor, dated 8/1/19, between
Napilihau Villages Joint Venture and ACKI) at PageID.2843.
Meeting minutes concerning the Napilihau construction state "ACK
also agrees that because this is an FHA project, certain swales
around each building has [sic] been built according to the site
improvement plans and ACK will be responsible for re-building
the swales after ACK is finished construction of each pad."
[Id., Exh. O (revised version of Napilihau Villages Minutes of
Meeting, dated 10/31/96) at PageID.2863, ¶ 5.]  Other meeting
minutes state that ACKI will conduct an inspection of the site
improvements and ACKI "will then be responsible for the
maintenance and repair or replacement of the site
improvements . . . ."  [Id. at PageID.2863, at ¶ 4.]  ACKI was
also responsible for work up to five feet outside of the
building line.  See id. at PageID.2864, at ¶ 9.

To the extent that ACKI performed work up to five feet outside the building line, in conjunction with its other responsibilities, there is a genuine dispute of material fact as to whether ACKI failed to design and construct "an accessible route into and through the dwelling[s]" at Napilihau.  See 42 U.S.C. § 3604(f)(3)(C)(iii)(I).  Accordingly, ACKI is not entitled to summary judgment as to the issue of whether they are liable under the FHA for the work performed at Napilihau.

### C.   **Palehua**

ACKI constructed sidewalks, walkways, and picnic equipment for Palehua.  See Lapertosa Decl., Exh. R at PageID.2877 (Change Order No. 5 for Palehua Terrace, Phase 1, dated 10/3/00), PageID.2880 (Change Order #2 for Palehua Terrace, dated 10/3/00).  ACKI also installed mailboxes for Palehua.  See id., Exh. S (Application and Certificate for Payment by ACKI, dated 3/23/00) at PageID.2888.  "Under its contract for Palehua, ACK agreed to cooperate with 'any other participant in the project,' including the 'sitework contractor,' with respect to construction of both dwelling units and public and common use areas at Palehua."  [United States CSOF at ¶ 30 (quoting Lapertosa Decl., Exh. U); ACKI Responsive CSOF at ¶ 30 (stating it does not dispute the text of the document quoted).]

22

Because ACKI designed and/or constructed sidewalks and walkways at Palehua, there is a genuine issue of material fact as to whether they failed to design and construct accessible routes.  ACKI is therefore not entitled to summary judgment as to that issue.

**D.   Wailea**

"ACK was the general contractor for Wailea and participated in the design and/or construction of the ground-floor units at Wailea as well as the clubhouse."  [United States CSOF to ACKI Motion at ¶ 34; ACKI Responsive CSOF at ¶ 34.] Moreover, ACKI conducted a survey of Wailea in October 1999 and the survey "showed that the sidewalks and roads, as built, d[id] not conform to the civil drawings."  [Lapertosa Decl., Exh. Z at PageID.2966.]

ACKI contends it cannot be held liable under the FHA for exterior work done at Wailea because its contract with Wailea only concerned constructing the buildings and recreation center.  See ACKI CSOF, Declaration of Anna Elento-Sneed ("Elento-Sneed Decl."), Exh. 7 (Wailea Fairway Villas, Wailea, Maui, Hawaii, Owner - Contractor Agreement (Stipulated Sum), dated 7/2/98 between SCD Wailea Fairway, L.L.C. and ACKI) at 1. The United States proffers evidence showing that ACKI conducted a general survey of Wailea which showed some potential accessibility issues.  See Lapertosa Decl., Exh. Z at

PageID.2966 ("The roads are actually higher than what was drawn, resulting in a greater height differential between road and unit entry."). The extent of ACKI's involvement in the design and construction of Wailea is not clear. ACKI, as the general contractor for Wailea, appeared to give other subcontractors information about accessibility. See id. ("Both civil and **the contractor** had informed Jay [Nakamura of SCD] that only approximately 70% of the units needed to be on an accessible route." (emphasis added)).

Because ACKI's involvement is unclear, any determination of ACKI's liability under the FHA is premature. They jury is better equipped to resolve the question of ACKI's involvement in designing and constructing Wailea. See, e.g., Balt. Neighborhoods, 3 F. Supp. 2d at 665 ("[A] determination regarding Rommel Builders' involvement in the design and construction process of Lions Gate is more appropriate for resolution by the trier of fact, and, accordingly, the Court will deny defendant's motion for summary judgment."). Summary judgment is therefore denied as to the issue of ACKI's liability under the FHA based on the work performed at Wailea.

## IV. **Whether the DPI Defendants Can Be Held Liable Under the FHA**

### A. **Napili**

The DPI Defendants proffer evidence of a fee proposal that details their scope of work for Napili. Their scope of

work included "develop[ing] a site plan, floor plans, building plans, roof plans, exterior elevations, and prepar[ing] sketches of the total proposed project concept . . . ." [Goshi Decl., Exh. A at PageID.2447.] The fee proposal also stated that the DPI Defendants would perform construction administration, which included "review and approval of all subcontractor submittals and shop drawings, issuing change orders and field clarifications, maintaining logs, and answering any questions which may arise during the course of construction of the project." [Id. at PageID.2450.] Although a civil engineer was to "provide the grading, drainage and utilities engineering plans, as well as submit and obtain the necessary agency approvals for this work," the DPI Defendants were to "provide support as required by [the civil engineer] during this process." [Id. at 2449.]

Given the scope of the DPI Defendants' work related to Napili, there is a genuine dispute of material fact as to their liability under the FHA for the work performed at Napili. Thus, the DPI Defendants are not entitled to summary judgment as to that issue.

   **B.   <u>Wailea</u>**

The United States submits evidence of a general site plan for Wailea, which appears to show that the DPI Defendants prepared the "AS BUILT" plans for Wailea. <u>See generally</u>

Lapertosa Decl., Exh. W (plans for Wailea, prepared by the DPI Defendants) (emphasis in original).  The DPI Defendants contest Exhibit W, however, stating that the "'AS BUILT' plans . . . were not prepared by DPI."  [DPI Defendants Responsive CSOF at ¶ 22 (emphasis in original).[14]]  Notably, however, each page of the general site plan has DPI and Goshi's name on it.  See generally Lapertosa Decl., Exh. W.  Furthermore, the DPI Defendants submitted a fee proposal to SCD, one of the subcontractors, for their architectural services related to Wailea.  The DPI Defendants stated in the fee proposal that the project included designs for buildings, a recreational facility, a swimming pool, trash enclosures, mailbox structures, fencing, and entry features.  See Goshi Decl., Exh. B at PageID.2452.

Viewing the evidence in the light most favorable to the United States as the non-moving party, the DPI Defendants' participation in the design and construction of Wailea is unclear, at best.  Summary judgment as to the issue of their liability under the FHA for the work performed at Wailea is therefore denied.

---

[14] The DPI Defendants Responsive CSOF generally violates Local Rule 56.1(e) because it sets forth additional facts and fails to address the United States' additional facts.  The Court relies on the DPI Defendants Responsive CSOF only insofar it shows that there is a genuine issue of material fact as to their liability under the FHA.

## V.   <u>Whether Cooper Can Be Held Liable Under the FHA</u>

Cooper argues that it cannot be held liable under the FHA for exterior work at Napilihau because, although he "provided certain design professional services" for Napilihau, he "did not provide any design professional services or hold any responsibility for the exterior components of Napilihau." [Cooper Joinder at 7 (citing Cooper's **Concise Statement of Facts** in Support of Defendant Martin V. Cooper's Substantive Joinder to Defendant Albert C. Kobayashi, Inc.'s Motion for Partial Summary Judgment [ECF. No. 369], filed 8/1/22 (dkt. no. 375), ("Cooper CSOF"),[15] Declaration of Martin V. Cooper ("Cooper Decl.") at ¶¶ 3-4).]   The United States submits evidence that contradicts Cooper's statement.   For instance, it provides evidence of site plans for Napilihau with Cooper's seal and signature on each page.   <u>See generally</u>, Lapertosa Decl., Exh. Q. The site plans include, among other things, depictions of railings, stairs, trash enclosures, and barbeque areas.   <u>See id.</u> at PageID.2874-75.   The site plans also include depictions of a typical section of a ramp between the basecourse and the sidewalk as well as a ramp for handicapped parking.   <u>See id.</u> at PageID.2873.   Cooper states "[t]he information concerning any

---

[15] The Cooper CSOF and the Cooper Responsive CSOF have the same underlying document name.   The Court assumes the identical designation was accidental and points out the identical designation to avoid any confusion.

potential exterior and/or civil elements shown on the site plans
was only depicted for schematic purposes . . . and was based
upon information provided to COOPER by the developer."
[Cooper's Responsive CSOF at ¶ 15 (emphasis in original).]  Even
accepting Cooper's contention as true, there is a genuine issue
of material fact as to Cooper's involvement in designing and/or
constructing Napilihau.  In other words, because Cooper's site
plans included features related to public and common use areas,
he has not provided sufficient evidence to determine that he is
**not** liable under the FHA for purposes of summary judgment.  As
such, Cooper is not entitled to summary judgment as to the issue
of his liability under the FHA for the work performed related to
Napilihau.

## CONCLUSION

On the basis of the foregoing, the Court DENIES:
Defendant Albert C. Kobayashi, Inc's Motion for Partial Summary
Judgment, filed July 29, 2022; Defendant Martin V. Cooper's
Substantive Joinder to Defendant Albert C. Kobayashi, Inc.'s
Motion for Partial Summary Judgment [ECF No. 369], filed
August 1, 2022; and Defendants Design Partners, Inc. and
Michael N. Goshi's **Substantive Joinder** to Defendant Albert C.
Kobayashi, Inc.'s Motion for Partial Summary Judgment
[Dkt. #369], filed August 1, 2022.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 22, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

UNITED STATES OF AMERICA V. ALBERT C. KOBAYASHI, INC., ET AL.; CIV. NO. 19-00531 LEK-RT; ORDER DENYING: DEFENDANT ALBERT C. KOBAYASHI, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DEFENDANT MARTIN V. COOPER'S SUBSTANTIVE JOINDER TO DEFENDANT ALBERT C. KOBAYASHI, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF.NO. 369]; AND DEFENDANTS DESIGN PARTNERS, INC. AND MICHAEL N. GOSHI'S SUBSTANTIVE JOINDER TO DEFENDANT ALBERT C. KOBAYASHI, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT. #369]