**U.S. Department of Justice**

Civil Rights Division

Housing and Civil Enforcement Section

---

SSM:MSM:ML:NS
175-21-29

| | |
|---|---|
| *U.S. Mail:* | 950 Pennsylvania Avenue, NW - 4CON |
| | Washington, DC  20530 |
| *Overnight:* | 150 M Street, NE |
| | Washington, DC  20002 |
| *Telephone:* | (202) 514-4713 |
| *Facsimile:* | (202) 514-1116 |

March 20, 2023

**VIA ECF**

The Honorable Leslie E. Kobayashi
United States District Judge
United States District Court for the District of Hawaii
300 Ala Moana Blvd.
Honolulu, HI  96850

    Re:  *United States v. Albert C. Kobayashi, Inc., et al.*, No. 19-cv-531-LEK-RT

Dear Judge Kobayashi:

    We write in response to the letter briefs filed by defendants Delta Construction Corp. ("Delta"), Rojac Construction, Inc. ("Rojac"), and Goodfellow Brothers, Inc. ("Goodfellow") (collectively, the "Moving Defendants").  *See* ECF Nos. 532-534.  The United States does not, at this juncture, address the merits of the Moving Defendants' motions.  However, we write to clarify our positions with respect to the scope of the Moving Defendants' potential liability, which, we believe, may assist the Court in narrowing the issues to be decided by the Moving Defendants' motions.

    The United States' Second Amended Complaint alleges that (1) Delta participated in the design and/or construction of Palehua Terrace, (2) Rojac participated in the design and/or construction of Napili Villas, and (3) Goodfellow participated in the design and/or construction of Napilihau Villages and Wailea Fairway Villas.  2d Am. Compl. ¶¶ 20, 21, 24, ECF No. 422.  The Second Amended Complaint does not allege that the Moving Defendants designed or constructed any other properties.  Accordingly, the United States does not contend that the Moving Defendants are liable for violations of the Fair Housing Act's

("FHA") accessibility requirements at properties other than those named above, and the Court therefore need not decide this question.

Rojac additionally argues that it may not be held liable for "interior" FHA violations and that the complaint does not identify "any specific harm from any specific defendant." *See* ECF No. 533, at 1.[1] As we argued in opposing the motions for partial summary judgment by defendants Albert C. Kobayashi, Inc., Martin Cooper, and Design Partners, Inc., and consistent with this Court's ruling on those motions, the Moving Defendants' liability turns not on whether a violation is "interior" or "exterior" but, rather, whether the Moving Defendants contributed to violations of one or more of the FHA's enumerated accessibility requirements for covered multifamily dwellings. *See* 42 U.S.C. § 3604(f)(3)(C); *see also* U.S. Mem. in Opp. to Mots. Partial Summ. J. ("U.S. Mem. Opp.") 10-13, ECF No. 411; Order Denying Mots. Partial Summ. J. ("Order") 20, ECF No. 523. If the evidence does not show that the Moving Defendants contributed to violations of certain accessibility requirements listed under Section 3604(f)(3)(C), the Moving Defendants would not be liable for those violations.[2] Conversely, if the evidence shows that the Moving Defendants contributed to violations of other accessibility requirements listed under this section, they would be jointly and severally liable for those violations. *See* U.S. Mem. Opp. at 13-15; Order at 19.[3]

---

[1] At the pleading stage, the United States is not required to set forth specific allegations establishing a *prima facie* case under each potential theory of liability. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002); *accord McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004) ("The threshold for pleading discrimination claims under the FHAA is low.") (citing *Swierkiewicz*, *supra*).

[2] For example, the FHA requires that "light switches, electrical outlets, thermostats, and other environmental controls [be located] in accessible locations[.]" 42 U.S.C. § 3604(f)(3)(C)(iii)(II). If the evidence does not show that the Moving Defendants contributed to the location of environmental controls in covered units, they would not be liable for violations of this requirement.

[3] For example, the FHA requires that covered units have "an accessible route into and through the dwelling," which covers both "interior" and "exterior" sections of the properties. 42 U.S.C. § 3604(f)(3)(C)(iii)(I); *see also* U.S. Mem. Opp. at 11-13. If the evidence shows that the Moving Defendants contributed to the lack of an accessible route "into and through" covered units, they would be jointly and severally liable for these violations, regardless whether they exist inside or outside the units.

  The above position appears to be consistent with that of the Moving Defendants. However, because the Moving Defendants' ultimate liability for specific accessibility violations turns on questions of fact, and because the evidentiary record has not yet been fully developed, such determinations would be premature and should not be made on the instant motions.

  We are hopeful that this submission will be of assistance to the Court in resolving the remaining motions. Thank you for your attention to this matter.

         Sincerely,

        Sameena Shina Majeed
          Chief

   By: *[signature]*

         Max Lapertosa
         Nathan Shulock
         Trial Attorneys
      Housing and Civil Enforcement Section

cc: All counsel of record (via ECF)